UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

    Plaintiff,

v.

JOHN DOLL, et al.,

    Defendants.
_____/

No. C 07-4641 EDL

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

Plaintiff Michael Dunn ("Plaintiff") filed the instant complaint on September 10, 2007, along with an application to proceed in forma pauperis. Because the Court finds that the complaint must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed in forma pauperis is DENIED.

**BACKGROUND**

Plaintiff is a resident of Mendocino County, California. He asserts that the Court has jurisdiction over the complaint because he has due process rights to apply for a patent, and that the U.S. Constitution provides for issuance of patents. See Complaint under Title 22 § 1331: Demand for Jury Trial (Complaint) ¶ 1. Plaintiff alleges that he submitted a patent application along with $370 on October 6, 2004, and received a non-final action summary on May 9, 2005 stating objections to his patent application and rejecting his claims "as being similar to Connor and Schulz." Id. ¶ 5. Patent examiner Andrew Wright found certain patents to be anticipatory, but Plaintiff contends that the design of his invention is not similar to those patents. Id. ¶¶ 6-8. Plaintiff maintains that the "rejections of claims were stupid and not expected of susposedly [sic] qualified examiners." Id. ¶ 9.

Plaintiff subsequently sent in corrections to the patent examiner, but received notice of noncompliance, stating that the corrections should have been an amendment. It appears that

Plaintiff then submitted a handwritten amendment. On March 14, 2006, Plaintiff received an office action summary from the patent examiner (who Plaintiff believes was Stephan Avila), stating final action with claims one and two rejected. Plaintiff then sent a letter on May 8, 2006 to John Doll, Commissioner for Patents, advising him of the "stupid rejection," but he did not get a response from the Commissioner. Plaintiff sent another letter on May 31, 2006. He received a notice of abandonment on October 12, 2006. Id. ¶ 16. Plaintiff alleges that he received "pompous, bureacratic [sic], stupid treatment apparently to limit patents granted." Id. ¶ 17. He requests $370 in actual damages, and $10,000,000 in punitive damages and costs.

Plaintiff brings the instant action against three separate defendants: John Doll, the Commissioner of the U.S. Patent Office; Andrew Wright, Patent Examiner, and Stephan Avila, Patent Examiner. See id. at 1.

## DISCUSSION

A.   Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Neitzke, 490 U.S. at 324, 109 S. Ct. at 1831.

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that

2

1  the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446,
2  1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).
3        B.    Legal Analysis
4        Here, Plaintiff's complaint does not state any cognizable claims. The complaint challenges
5  the patent office's treatment of Plaintiff's patent application, and he argues that his patent
6  application should have been granted. Complaint ¶ 17. Plaintiff appears to object to the denial of
7  his application and to the treatment he received during that process. Complaint ¶¶ 1-17.
8        Under the statutory scheme providing for appeals by patent applicants, an applicant "any of
9  whose claims has been twice rejected, may appeal from the decision of the primary examiner to the
10 Board of Patent Appeals and Interferences" if he has paid the fee for such an appeal. 35 U.S.C. §
11 134(a) (2007). If an applicant is dissatisfied with the decision of the Board of Patent Appeals and
12 Interferences in such an appeal, the patent applicant may take an appeal to the United States Court of
13 Appeals for the Federal Circuit. He may also file a civil action against the Director in the United
14 States District Court for the District of Columbia if commenced within the mandated time frame. 35
15 U.S.C.§ 145 (2007). "Thus, for the patent applicant seeking an order compelling issuance of a
16 patent, the statutory scheme clearly contemplates administrative review by the Board of Appeals
17 followed by judicial review in either the Federal Circuit Court of Appeals or the U.S. District Court
18 for the District of Columbia." Bradley v. United States Dep't of Commerce, Patent & Trademark
19 Office, 598 F. Supp. 38, 40 (N.D. Tex. 1984), aff'd, 750 F.2d 66 (5th Cir. 1984). Here, Plaintiff does
20 not allege that he pursued his administrative remedy by appealing to the Board of Patent Appeals.
21 Nor has he filed his civil action against the Director of U.S. Patent and Trademark Office. Even if
22 he had done both of these things, however, jurisdiction would not be proper in the Northern District
23 of California. Paley v. Wolk, 262 F. Supp. 640, 642 (D.C. Ill. 1965), cert. denied, 386 U.S. 963
24 (1967) (holding that insofar as plaintiff order compelling issuance of patents on his applications,
25 court clearly lacked subject matter jurisdiction, as such cases must be brought in the District Court
26 for the District of Columbia). Accordingly, insofar as Plaintiff's claim can be construed as a civil
27 action under 35 U.S.C. § 145, this Court lacks jurisdiction to hear his claim.
28

As for any constitutional causes of action alleged by Plaintiff, Plaintiff has failed to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a). Plaintiff generally alleges that the "Bill of Rights Due Process requires fair treatment, " and that while a patent is not guaranteed, a citizen expects "fair and intelligent treatment." Plaintiff, however, does not allege which of his constitutional rights have been violated and by which defendant. Nor does he allege any facts that appear to rise to the level of a constitutional deprivation. Moreover, no person has a vested right to a patent and "is privileged to seek the protected monopoly only upon compliance with the conditions which Congress has imposed." Boyden v. Commissioner of Patents, 441 F.2d 1041, 1043 (D.C. Cir. 1971) (citation omitted); see also Giuliani v. United States, 1988 U.S. Dist. LEXIS 13546, 8 U.S.P.Q.2D (BNA) 1095 (D. Haw. 1988) (Constitution provides that Congress shall have the power to promote the progress of science and useful arts by securing for limited times to inventors the exclusive right to their discoveries, but this provision is not self-executing, and it "empowers, but does not command, Congress to grant patent rights") (citing U.S. Const. Art. I, para 8, cl. 8). Finally, Plaintiff appears to request punitive damages, but he does not allege any statute or tort authorizing such damages. Complaint ¶ 18.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED in its entirety. The dismissal is with LEAVE TO AMEND. However, Plaintiff should not allege a cause of action contesting the denial of his patent application under 35 U.S.C. § 145, as the Court lacks jurisdiction to entertain such a claim. In any amended complaint, plaintiff must allege separate, properly numbered claims; must state a specific constitutional or statutory basis for *each separate claim*; and must allege facts supporting the elements of each separate claim. More information on what needs to be in a complaint can be found in the Pro Se Handbook, which is available on the district court's website, http://www.cand.uscourts.gov.

Any amended complaint must be filed no later than **November 30, 2007**. If the amended complaint is not filed by that deadline, or if it fails to comply with the directions stated above, the

4

court will dismiss the action.

**IT IS SO ORDERED.**

Dated: October 29, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge