UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

        Plaintiff,

    v.

JOHN DOLL, et al.,

        Defendants.
_____/

No. C 07-4641 EDL

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE**

Plaintiff Michael Dunn ("Plaintiff") filed his complaint on September 10, 2007. The Court dismissed that complaint pursuant to 28 U.S.C. § 1915(e)(2) with leave to amend. Plaintiff amended his complaint on November 29, 2007. While the Court is sympathetic to the Plaintiff's predicament, because he still does not state a cognizable claim, and it does not appear that he could do so, the Court must dismiss the complaint with prejudice.

**BACKGROUND**

Plaintiff is a resident of Mendocino County, California. He asserts that the Court has jurisdiction over the complaint because he has due process rights to apply for a patent, and that the U.S. Constitution provides for issuance of patents. See First Amended Complaint ("FAC") ¶ 1. Plaintiff alleges that he submitted a patent application along with $370 on October 6, 2004, and received a non-final action summary on May 9, 2005 stating objections to his patent application and rejecting his claims "as being similar to Connor and Schulz." Id. ¶ 8. Patent examiner Andrew Wright found certain patents to be anticipatory, but Plaintiff contends that the design of his invention is not similar to those patents. Id. ¶ 8. Plaintiff maintains that the rejection of his patent application was a "stupid" one. Id. ¶ 9.

Plaintiff subsequently sent in corrections to the patent examiner, but received notice of noncompliance, stating that the corrections should have been an amendment. It appears that

Plaintiff then submitted a handwritten amendment. On March 14, 2006, Plaintiff received a final action summary stating many objections to spelling and rejecting his claims. FAC ¶ 8. Plaintiff then sent letters in May complaining of the treatment of his patent application. Exs. G &H. He received a notice of abandonment on October 12, 2006. Ex. I. Plaintiff does not allege that he appealed the decision, and indeed, he notes that he "did not have $250 to appeal." FAC ¶ 16. Plaintiff requests $370 in actual damages, and $10,000,000 in punitive damages and costs.

Plaintiff brings the instant action against three separate defendants: John Doll, the Commissioner of the U.S. Patent Office; Andrew Wright, Patent Examiner, and Stephan Avila, Patent Examiner.

## DISCUSSION

A.  Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Neitzke, 490 U.S. at 324, 109 S. Ct. at 1831.

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B.  Legal Analysis

The Court already granted Plaintiff leave to amend his complaint. Plaintiff's amended complaint, which makes clear that he is only pursuing a due process cause of action, still does not state any cognizable claims.

With regard to his due process allegations, the Court previously noted that Plaintiff did not clearly allege which constitutional rights were violated and by which defendant. Nor did he allege facts that "appear to rise to the level of a constitutional deprivation." The Court also noted that no person has a vested right to a patent. Plaintiff's due process claim again must be dismissed. Plaintiff does not challenge the administrative procedures set forth by the PTO. Rather, he generally argues that Defendants erred in finding that his claimed invention was anticipated by prior art. Nor does he allege that the PTO's procedures fall short of the minimum standards of due process. See Harley v. Lehman, 981 F. Supp. 9, 11 (D.D.C. 1997) (dismissing due process claim because plaintiff did not "argue that PTO's procedures do not measure up to the due process standards set forth in Mathews v. Eldridge, 424 U.S. 319 (1976)). In fact, Plaintiff alleges that he received notice of the nonfinal action summary and notice of abandonment. The notice of abandonment attached to Plaintiff's complaint informed Plaintiff that he should have promptly filed a petition to revive or a request to withdraw the holding of abandonment. Moreover, even if Plaintiff had made such allegations, it is doubtful that he would have "a property interest in his patent pre-issuance." Id. (citation omitted) ("plaintiff could not successfully argue that he has a property interest in his patent pre-issuance"). See also Brenner v. Ebbert, 398 F.2d 762, 765 (D.C. Cir. 1968) ("We have considerable doubt whether appellees' allowed but unissued patent is 'property' as that term is used in the fifth amendment.") (citation omitted).

///
///
///
///

3

**CONCLUSION**

In accordance with the foregoing, the complaint is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

Dated: December 7, 2007

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge